Filed 8/30/13  P. v. Wall CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F064254 |
| v. | (Super. Ct. No. BF133330C) |
| WILLIE BOB WALL, | **OPINION** |
| Defendant and Appellant. | |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Gomes, Acting P.J., Detjen, J., and Franson, J.

Appellant, Willie Bob Wall, pled no contest to participation in a criminal street gang (Pen. Code, § 186.22, subd. (a))[1] and he admitted a prior prison term enhancement (§ 667.5, subd. (b)) and allegations that he had a prior conviction within the meaning of the three strikes law (§ 667, subds. (b)-(i)).

On January 10, 2012, the court sentenced Wall to a stipulated term of five years. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

On August 6, 2010, at approximately 10:00 p.m., Bakersfield police officers forcibly entered a house on J Street to serve a search warrant and found Daniel German standing in the doorway to the living room and Bobby Collins in the bathroom.

The officers found Wall, who was on parole, in a bedroom lying on a bed. When the officers first entered the bedroom Wall had his hands behind his back at his waistband as he arched his back lifting his buttocks off the bed. The officers ordered Wall off the bed and he complied. Officer Peter Beagley had Wall turn around and noticed that a piece of Wall's shirt was stuffed into his underwear. Officer Beagley began searching Wall and felt a bulge between Wall's buttock cheeks. After handcuffing Wall, Beagley and another officer pulled Wall's shorts and underwear down to his ankles and had him bend over. Officer Beagley then saw a plastic baggie containing a white substance between Wall's buttock cheeks and removed it. The baggie contained a total of about 4.29 grams of a substance containing cocaine.

Wall, Collins, and German were members of a local criminal street gang.

On November 16, 2010, the district attorney filed an information charging Wall and Collins with possession of cocaine base for sale (count 1) and participation in a

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

criminal street gang (count 2). The information also charged appellant with a gang enhancement (§ 186.22, subd. (b)(1)) in count 1, a serious felony enhancement, two prior conviction enhancements (Health & Saf. Code, § 11370.2, subd. (a)), four prior prison term enhancements, and with having a prior conviction within the meaning of the three strikes law.

On December 1, 2010, Wall filed a motion to suppress.

On December 2, 2010, Wall filed a *Pitchess*[2] motion seeking discovery of certain personnel records of some of the arresting officers.

On December 16, 2010, Wall joined in codefendant Collins's motion for disclosure of the identity of the confidential informant who provided information that officers used to obtain the search warrant for the J Street house.

On July 8, 2011, Wall joined in Collins's motion to suppress.

On December 30, 2010, the court conducted an in camera hearing on the *Pitchess* motion and ordered some information disclosed to Wall.

On August 11, 2011, the court denied Wall's suppression motion.

On September 7, 2011, the court denied Wall's *Marsden*[3] motion.

On September 9, 2011, the court denied Wall's motion to disclose the identity of the confidential informant.

On November 18, 2011, Wall entered his plea in this matter in exchange for the dismissal of the remaining count and allegations and a stipulated term of five years.

On January 10, 2012, the court sentenced Wall in accord with his negotiated plea to a five-year term, the middle term of two years on his participation in a gang

---

[2] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

[3] *People v. Marsden* (1970) 2 Cal.3d 118.

conviction, doubled to four years because of Wall's strike conviction, and a one-year prior prison term enhancement.

Wall's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Wall has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.